# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN PATE,<br> Plaintiff, | )<br>)<br>) | |
| v. | ) | CIVIL ACTION: 1:19-00023-KD-B |
| BALDWIN COUNTY, ALABAMA, *et al.*,<br> Defendants. | )<br>)<br>) | |

## ORDER

This matter is before the Court on the parties' Joint Motion to Remand (Doc. 11), the Defendants' motion to dismiss (Docs. 2, 3), and Plaintiff's Amended Complaint (Doc. 10).

On December 14, 2018, Plaintiff initiated this action in the Circuit Court of Baldwin County, Alabama by filing a "Notice of Appeal, Complaint, Request for Declaratory, Injunctive, and Mandamus Relief, and Demand for Jury Trial." (Doc. 1-1). Stemming from the Defendants' denial of Plaintiff's building permit related to the placement of signage (advertising/billboard) in Baldwin County, Alabama, Plaintiff alleged four (4) counts: 1) Count One - an appeal of the building permit denial; 2) Count Two - a declaratory judgment claim; 3) Count Three - a procedural due process claim; and 4) Count Four - mandamus relief.[1]  (Doc. 1-1 at 7-22).

On January 17, 2019, the Defendants removed this action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1441, as Plaintiff's Complaint included a claim for due process rights violations (42 U.S.C. § 1983). Defendants' notice of removal requested that the Court exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. On January 24, 2019, the Defendants moved to dismiss the case per Rule 12(b)(1) and Rule 12(b)(6), which remains pending. (Docs. 2, 3). On February 13, 2019, Plaintiff filed an

Amended Complaint which no longer includes the federal claim. (Doc. 10).

As an initial matter, Rule 15(a)(1)(A)-(B) of the Federal Rules of Civil Procedure provides that a party may amend its pleading "once as a matter of course" within 21 days after serving it; or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b),* (e), or (f), whichever is earlier." Fed.R.Civ.Proc. Rule 15(a) (emphasis added). Plaintiff's post-removal Amended Complaint was filed as a matter of course under Rule 15(a)(1)(B) because the Defendants have not yet filed a responsive pleading and the Amended Complaint was was filed within 21 days after service of the Defendants' Rule 12(b) motion to dismiss. The result is that Amended Complaint (Doc. 10) **SUPERSEDES** the original complaint (Doc. 1-1) and is now the operative complaint. See, e.g., Pintando v. Miami–Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir.2006) (citation and quotation omitted)). See also generally Smith v. West Facilities Corp., 2005 WL 1785224, *1-2 (S.D. Ala. Jul. 26, 2005). Additionally, the operative effect of the Amended Complaint (Doc. 10) is to **MOOT** the Defendants' motion to dismiss, as such is directed to the allegations and claims in the original complaint. See, e.g., DeSisto College, Inc. v. Line, 888 F.2d 755, 757-758 (11th Cir. 1989) (affirming the denial as moot of a defendant's motion to dismiss a first amended complaint because the plaintiff filed a second amended complaint).

With that clarification, the Court turns to the parties' Joint Motion to Remand. This Court had original jurisdiction under 28 U.S.C. § 1331 (federal question) over Count Three of the original complaint and exercised supplemental jurisdiction under 28 U.S.C. § 1367(a) over the

---

[1] The Court is unable to discern the injunctive relief requested.

remaining state law counts. Plaintiff's Amended Complaint no longer includes the federal question claim (originally Count Three), leaving only state law claims, thus prompting the parties' joint request to remand this case to state court.

"[A] district court's removal jurisdiction is determined at the time of removal, and 'events occurring after removal...do not oust the district court's jurisdiction.'" Smith v. Wynfield Dev. Co., Inc., 238 Fed. Appx. 451, 455 (11th Cir. 2007) (quoting Poore v. Am.-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-1291 (11th Cir. 2000)). As such, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n. 6 (2007). See also Nelson v. Whirlpool Corp., 727 F.Supp.2d 1294, 1301 (S.D.Ala.2010). At that juncture, "[t]he court ha[s] discretion to retain jurisdiction over the state law claims even after [the plaintiff] amend[s] the complaint to remove any federal cause of action." Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir.2002). *However,* per Section 1367(c)(3), the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction[]"). Moreover, generally, in the Eleventh Circuit, district courts have been instructed that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims[.]" L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (referencing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-727 (1966)). See also e.g., Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("encourage[ing] district courts to dismiss any remaining state claims when...the federal claims have been dismissed prior to trial[]"). Specific to a removal scenario, the Eleventh Circuit instructs that "federal district courts in removal cases must remand, rather than dismiss,

state claims over which they decline to exercise supplemental jurisdiction...")."  Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1226 (11th Cir. 2010).

As explained in Garcia v. Cullen, 2012 WL 1988131, *1-3 (M.D. Fla. May 14, 2012):

The Court looks to the claims in the operative complaint at the time of removal, and in this case, federal question jurisdiction did exist at that time….the Court considers whether to retain jurisdiction in light of 28 U.S.C. § 1367(c)(3) which allows remand to the state court where the federal claim from the original complaint has been eliminated by the amended complaint. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction."). The Court may decline to continue its exercise of supplemental jurisdiction where Plaintiffs have dismissed the federal claims because "no basis for federal jurisdiction presently exists." … "In making this decision, the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'"….

Other district courts in the Eleventh Circuit have held that remand is appropriate pursuant to § 1367 when a case is, as here, in the earliest stages. *See, e.g., Shelley v. City of Headland*,….2009 WL 2171898 (M.D.Ala. July 21, 2009) (remanding case in which plaintiff amended very early in the pleadings and the only remaining claim was a state-law constitutional claim involving a city zoning ordinance); *see also Lake County v. NRG/Recovery Group, Inc.,* 144 F.Supp.2d 1316, 1319 (M.D.Fla.2001) (remanding case because the case and discovery were in the very early stages and comity weighed in favor of remand among other factors). Here, the case was just removed. The parties have not filed the Case Management Report, no answer or other responsive pleading has been filed, and no discovery has begun. Under these circumstances, there is no compelling reason to retain the case. *See Carnegie–Mellon*, 484 U.S. at 351…(holding that "[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction"); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) ("'When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction,'" quoting *Carnegie–Mellon Univ.*, 484 U.S. 343…)); *Shelley v. City of Headland,…*2009 WL 2171898 (M.D.Ala. July 21, 2009) (remanding where plaintiff amended very early in the pleadings)……

See also generally Shelley v. City of Headland, 2009 WL 2171898 (M.D. Ala. Jul. 21, 2009) (detailed discussion of remanding and declining to exercise supplemental jurisdiction).

Upon balancing the relevant factors: this case is in the earliest stages (having been filed less than one (1) month ago in federal court); there is no apparent judicial economy in having

4

this Court retain the case; comity concerns weigh in favor of remand as only state law issues remain which are ideally decided by the state court; and there are no apparent inconvenience concerns among the parties due to the parties' joint remand request. As a result, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Accordingly, it is **ORDERED** that the Amended Complaint **SUPERSEDES** the original complaint, the Motion to Dismiss is **MOOT**, and the parties' joint motion to remand is **GRANTED** such that this action is hereby **REMANDED** to the Circuit Court of Baldwin County, Alabama from whence it came.

As provided in Rule 58 of the Federal Rules of Civil Procedure, a Final Judgment shall issue contemporaneously with this Order, by separate document.

**DONE** and **ORDERED** this the **14th** day of **February 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**